

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(PHILADELPHIA DIVISION)**

| | | |
|---|---|---|
| **TRICIA MAUGE** | : | **COURT OF COMMON PLEAS** |
| | : | **CHESTER COUNTY** |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **vs.** | : | |
| | : | **DOCKET NO.: 2017-08592-MJ** |
| **UNIFUND CCR, LLC and** | : | |
| **DISTRESSED ASSET PORTFOLIO III, LLC:** | | **DEFENDANTS UNIFUND CCR, LLC** |
| | : | **AND DISTRESSED ASSET PORTFOLIO** |
| **Defendants.** | | **III, LLC'S NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §1441, Defendants/Petitioners Unifund CCR, LLC ("Unifund")

and Distressed Asset Portfolio III, LLC ("DAP III") (collectively, "Defendants") seek removal to

this Court. In support thereof, Defendants state as follows:

1.      Defendants are the only two defendants in a civil action entitled *Tricia Mauge v.*

*Unifund CCR, LLC, et al.*, Case No. 2017-08592-MJ. This action was filed in the Court of

Common Pleas, Chester County, Pennsylvania.

2.      Defendants were served with a Summons and Complaint in this action on

September 13, 2017. A copy of the Summons and Complaint served on Defendants is attached

as **Exhibit A**. Exhibit A includes all process and pleadings served upon Defendants. No further

action has been taken in the Court of Common Pleas, Chester County, Pennsylvania.

3.      This action involves a claim that Defendants violated the federal Fair Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by allegedly attempting to collect

a debt that Plaintiff did not owe.

4.      Because an action under the FDCPA is a civil action arising under the

Constitution, laws, or treaties of the United States, the United States District Court has original

jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Therefore, removal of the action is appropriate pursuant to 28 U.S.C. § 1441.

5.      This Notice of Removal is filed within 30 days after receipt by Defendants of a copy of the initial pleadings setting forth the claims for relief, by service of process or otherwise, and is timely filed pursuant to 28 U.S.C. § 1446(b).

6.      Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1441(a), because Chester County is served by the Eastern District of Pennsylvania.

7.      Plaintiff has also asserted a state law claim for violation of the Pennsylvania Unfair Trade Practices Act and Consumer Protection Law ("UFTPL"). This Court should exercise jurisdiction over the pendent state law claim because (1) the federal FDCPA claim is a substantial federal claim sufficient to confer subject matter jurisdiction on the Court; (2) the state and federal claims derive from a common nucleus of operative fact; and (3) Plaintiff's claims are such that they would ordinarily be expected to try them all in one judicial proceeding. *See Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 349, 108 S.Ct. 614, 618, 98 L.Ed.2d 720 (1988); *Local No. 1 (ACA) Broadcast Employees of International Brotherhood of Teamsters, etc. v. International Brotherhood of Teamsters*, 614 F.2d 846, 850 (3d Cir. 1980).  Therefore, removal of the entire action is appropriate pursuant to 28 U.S.C. § 1441.

8.      Notice of the filing of the notice of removal will be given to all parties and the Clerk of Court in accordance with 28 U.S.C. § 1446(d), and this Notice of Removal is being served per the Certificate of Service.

WHEREFORE, Defendants/Petitioners Unifund CCR, LLC and Distressed Asset Portfolio III, LLC respectfully request that this action be removed to this Court.

Respectfully submitted,

Adrienne C. Beatty, Esq.
Pa. I.D. No. 319403

DINSMORE & SHOHL LLP
1800 JFK Boulevard, Suite 100
Philadelphia, PA 19103
(215) 309-8877 phone / (215) 732-8999 fax
adrienne.beatty@dinsmore.com

*Attorney for Defendants Unifund CCR, LLC and Distressed Asset Portfolio III, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing Notice of Removal via Certified Mail, and have

sent copies of such filing to the following via First Class Mail:

Fred Davis, Esq.
Davis Consumer Law Firm
500 Office Center Drive
Suite 400
Ft. Washington, PA 19034

*Attorney for Plaintiff Tricia Mauge*

*Attorney for Defendants Unifund CCR, LLC
and Distressed Asset Portfolio III, LLC*



# Davis
## CONSUMER LAW FIRM
*Working For The People*
**Debt Defense, Unfair Debt Collection, Lemon Law, Defective Consumer Products**
**WWW.USACREDITLAWYER.COM; TOLL-FREE:1-855-432-8475; EMAIL-fdavis@usacreditlawyer.com**
**CORPORATE HEADQUARTERS: 500 OFFICE CTR DR-SUITE 400-FT. WASHINGTON, PA 19034**
**\*\*\*Board Certified by the New Jersey Supreme Court as a Civil Trial attorney**
**\*\*Awarded "Rising Star" by Pennsylvania Superlawyer Magazine**

September 7, 2017

**<u>*Sent by First Class and Certified Mail*</u>**
Unifund CCR, LLC
10625 Techwoods Circle
Cin, OH        45242

**RE: Trichia Mauge v Unifund and Distressed Asset Portfolio III, LLC**

Dear Sir/Madam:

Please accept the enclosed in accordance with Pennsylvania Rule of Civil Procedure 403. Please be advised also that a responsive pleading is due within twenty days of receipt of this complaint. Please contact me if you would like to discuss a resolution of this matter prior to filing your Answer. I can be reached by email or phone at the numbers listed above.

Please also refrain from any contact with Mrs. Mauge or any third-parties regarding this or any other alleged debts and instead communicate exclusively through my office. Please also ensure that Mrs. Mauge's credit reports are updated to reflect the fact that this debt is disputed and that the actual dates of the alleged default/last account activity are listed.

Very Truly Yours,

Fred Davis, Esq.

**Davis**
CONSUMER LAW FIRM
*Working For The People*

**Frederick Davis, Esq.,** *Founder*
fdavis@usalemonlawyer.com
fdavis@usacreditlawyer.com
**(855) 4-DAVIS-LAW**
(855) 432-8475
F: (855) 435-9294

500 Office Center Drive, Ste 400, Ft. Washington, PA 19034
925 Haddonfield Road, Bldg B2, 3rd Fl, Cherry Hill, NJ, 08002

usalemonlawyer.com  |  usacreditlawyer.com

**Supreme Court of Pennsylvania**
**Court of Common Pleas**
**Civil Cover Sheet**
**CHESTER** County

| For Prothonotary Use Only: |
| Docket No: |
| **2017-08592-MJ** |

Filed and Attested by
PROTHONOTARY
03 Sep 2017 06:53 PM
K. Hume

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**S E C T I O N A**

**Commencement of Action**

| ✔ Complaint | Writ of Summons | Petition |
| Transfer from Another Jurisdiction | | Declaration of Taking |

| Lead Plaintiff's Name: | Lead Defendant's Name: |
| **TRICHIA MAUGE** | **UNIFUND CCR, LLC** |

| Are money damages requested? ✔ Yes ___ No | Dollar Amount Requested: | ✔ Within arbitration limits |
| | (check one) | ___ outside arbitration limits |

| Is this a Class Action Suit?   Yes ✔ No | Is this an MDJ Appeal?   Yes ✔ No |

Name of Plaintiff/Appellant's Attorney: fred e davis, iv

___ **Check here if you have no attorney(are a Self-Represented [Pro Se] Litigant)**

**S E C T I O N B**

**Nature of the Case:** Place "X" to the left of the ONE case category that most accurately describes your *PRIMARY CASE.*
If you are making more than one type of claim, check the one that you consider most important.

| TORT *(do not include Mass Tort)* | CONTRACT *(do not include Judgments)* | CIVIL APPEALS |
|---|---|---|
| ___ Intentional | ___ Buyer Plaintiff | Administrative Agencies |
| ___ Malicious Prosecution | ___ Debt Collection: Credit Card | ___ Board of Assessment |
| ___ Motor Vehicle | ___ Debt Collection: Other | ___ Board of Elections |
| ___ Nuisance | ___ Employment Dispute: | ___ Dept. of Transportation |
| ___ Premises Liability | Discrimination | ___ Statutory Appeal: Other |
| ___ Product Liability *(does not include mass* | ___ Employment Dispute: Other | ___ Zoning Board |
| *tort)* | ___ Other | ___ Other: |
| ___ Slander/Libel/Defamation | | |
| ___ Other: | | |

| MASS TORT | REAL PROPERTY | MISCELLANEOUS |
|---|---|---|
| ___ Asbestos | ___ Ejectment | ___ Common Law/Statutory Arbitration |
| ___ Tobacco | ___ Eminent Domain/Condemnation | ___ Declaratory Judgement |
| ___ Toxic Tort - DES | ___ Ground Rent | ___ Mandamus |
| ___ Toxic Tort - Implant | ___ Landlord/Tenant Dispute | ___ Non-Domestic Relations |
| ___ Toxic Waste | ___ Mortgage Foreclosure: Residential | ___ Restraining Order |
| ___ Other: | ___ Mortgage Foreclosure: Commercial | ___ Quo Warranto |
| | ___ Partition | ___ Replevin |
| **PROFESSIONAL LIABILITY** | ___ Quiet Title | ✔ Other: |
| ___ Dental | ___ Other: | |
| ___ Legal | | |
| ___ Medical | | |
| ___ Other Professional | | |

*2017-08592-MJ*

# Chester County
# Court of Common Pleas
# Cover Sheet

Docket No:

## 2017-08592-MJ

| Plaintiff(s): (Name, Address) | Plaintiff's/Appellant's Attorney(circle one) |
|---|---|
| **TRICHIA MAUGE** | (Name, firm, address, telephone and attorney ID#) |
| 6111 WALTON AVE.   PHI, PA  19143 | **fred e davis, iv** |
| | (855) 432-8475 davis consumer law firm  attorney ID#: 093907 |
| | 500 Office Center Dr Suite 400 Ft. Washington, PA 19034 |

| Defendant(s): (Name, Address) | Are there any related cases? Please provide case nos. |
|---|---|
| **UNIFUND CCR, LLC** | |
| 10625 TECHWOODS CIRCLE   CINCINATTI, OH  45242 | |
| **DISTRESSED ASSET PORTFOLIO III, LLC** | |
| 10625 TECHWOODS CIRCLE   CINCINATTI, OH  45242 | |

**Defendants who are proceeding without counsel are strongly urged to file with the Prothonotary a written statement of an address AND a telephone number at which they can be reached**

**Commencement of Action (if applicable):** __ Agreement for an Amicable Action  __ Motion to Confirm Arbitration Award

Notice of Appeal

If this is an appeal from a Magisterial District Judgement, was appellant  __ Plaintiff or  __ Defendant in the original action?

Jury Trial Demanded  ✔ Yes   No

Nature of case if not on previous cover sheet - Please choose the most applicable

| | |
|---|---|
| __ Annulment | __ Writ of Certiorari |
| __ Custody - Conciliation Required | __ Injunctive Relief |
| __ Custody - Foreign Order | __ Mechanics Lien Claim |
| __ Custody - No Conciliation Required | __ Issuance of Foreign Subpoena |
| __ Divorce - Ancillary Relief Request | __ Name Change |
| __ Divorce - No Ancillary Relief Requested | __ Petition for Structured Settlement |
| __ Foreign Divorce | |
| __ Foreign Protection from Abuse | |
| __ Paternity | |
| __ Protection from Abuse | |
| __ Standby Guardianship | |

| **Arbitration Cases Only** | | **Notice of Trial Listing Date** |
|---|---|---|
| Arbitration Date | 2018-03-09 | Pursuant to C.C.R.C.P. 249.3, if this case is not subject to compulsory arbitration it will be presumed ready for trial twelve (12) months from the date of the initiation of the suit and will be placed on the trial list one (1) year from the date the suit was filed unless otherwise ordered by the Court. |
| Arbitration Time | 09:00:00 | |

Defendants are cautioned that the scheduling of an arbitration date does not alter the duty of the defendant to respond to the complaint and does not prevent summary disposition form occurring prior to the arbitration date.

This matter will be heard by a Board of Arbitrators at the time and date specified but, if one or more of the parties is not present at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties. There is no right to a trial *de novo* on appeal from a decision entered by a judge.

To obtain relief from automatic trial listing a party must proceed pursuant to C.C.R.C.P. 249.3(b), request an administrative conference and obtain a court order deferring the placement of the case on the trial list until a later date.

2017-08592-MJ

Fred Davis, Esq.
Identification No. 93907
DAVIS CONSUMER LAW FIRM
500 OFFICE CTR DR-STE 400
FT. WASHINGTON, PA 19034
(T)1-855-432-8475/(F)1-855-435-9294
fdavis@usacreditlawyer.com

ATTORNEY FOR PLAINTIFF

THIS IS AN ARBITRATION MAT
ASSESSMENT OF DAMAGES
HEARING IS REQUESTED.

*Filed and Attested by*
*PROTHONOTARY*
*05 Sep 2017 06:53 PM*
*K. Bume*

| | |
|---|---|
| TRICIA MAUGE<br>6111 Walton Ave<br>Phila, PA<br>19143 | COURT OF COMMON PLEAS<br>CHESTER COUNTY |
| *Plaintiff* | CIVIL ACTION |
| v. | |
| UNIFUND CCR, LLC<br>10625 Techwoods Circle<br>Cin, OH<br>45242 | DOCKET NO.: |
| *Defendant* | |
| And | |
| DISTRESSED ASSET PORTFOLIO III,<br>LLC<br>10625 Techwoods Circle<br>Cin, OH<br>45242 | |
| *Defendant* | |

## NOTICE TO DEFEND
### CODE: 1900

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.
You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*2017-08592-MJ*

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

**CHESTER COUNTY BAR ASSOCIATION-LAWYER REFERRAL& INFO
SERVICE**
Chester Bar Association
15 W Gay St #2,
West Chester, PA
19380
Phone: (610) 692-1889
**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas de estas demandas expuestas an las paginas signientes, usted tiene veinte (20) dias de plazo al partir de ia fecha de la demanda y ia notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, le corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u ostros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

**SERVICIO DE REFERENCIA LEGAL**
Colegio de Abogados de Chester
15 W Gay St #2,
West Chester, PA
19380
Phone: (610) 692-1889

*2017-08592-MJ*

Fred Davis, Esq.
Identification No. 93907
DAVIS CONSUMER LAW FIRM
500 OFFICE CTR DR-STE 400
FT. WASHINGTON, PA 19034
(T)1-855-432-8475/(F)1-855-435-9294
fdavis@usacreditlawyer.com

*Filed and Attested by*
*PROTHONOTARY*
ATTORNEY FOR Sep 2017 06:53 PM
K. Hume

THIS IS AN ARB
MATTER. ASSESSMENT OF
DAMAGES HEARING IS
REQUESTED.

| | |
|---|---|
| TRICIA MAUGE<br>6111 Walton Ave<br>Phila, PA<br>19143 | COURT OF COMMON PLEAS<br>CHESTER COUNTY |
| *Plaintiff* | CIVIL ACTION |
| v. | |
| UNIFUND CCR, LLC<br>10625 Techwoods Circle<br>Cin, OH<br>45242 | DOCKET NO.: |
| *Defendant* | |
| And | |
| DISTRESSED ASSET PORTFOLIO III, LLC<br>10625 Techwoods Circle<br>Cin, OH<br>45242 | |
| *Defendant* | |

## COMPLAINT

1.      Plaintiff, TRICIA MAUGE, is an adult individual citizen and

legal resident of the State of Pennsylvania, living at 2035 McKean St., Phila, Pa 19143.

2.      Defendant, UNIFUND CCR, LLC, is

a business corporation qualified to and regularly conducting business in, the

Commonwealth of Pennsylvania, with its legal residence and principal place of business

at 10625 Techwoods Circle, Cin, OH, 45242. Defendant can be served at that address.

3.      Defendant, DISTRESSED ASSET PORTFOLIO III, LLC , is a

*2017-08592-MJ*

business corporation qualified to and regularly conducting business in, the
Commonwealth of Pennsylvania, with its legal residence and principal place of business
at 10625 Techwoods Circle, Cin, OH, 45242. Defendant can be served at that address.

      4.     Both Defendants regularly conduct "commerce" and "trade" within
meaning of 73 P.S. § 201-2(3) and within the state of Pennsylvania and city of
Philadelphia, and all conduct referenced herein was directed toward a resident of
Philadelphia, Pennsylvania.

      5.     Plaintiff avers that at all times material hereto, Defendants acted by
and through their authorized agents, servants, officers, and/or employees, including
Defendant, all of whom were acting within the scope of their employment.

**JURISDICTION AND VENUE**

      6.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d),
which states that such actions may be brought and heard before "any appropriate United
States district court without regard to the amount in controversy, or in any other court of
competent jurisdiction".

      7.     Defendant regularly conducts business in the State of
Pennsylvania and in the County of Chester, therefore, personal jurisdiction is
established.

      8.     Venue is proper in Chester County pursuant to Pennsylvania
Rule(s) of Civil Procedure 1006 and 2179.

      9.     Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and
2202.

## PARTIES

10.   Plaintiff is a natural person residing in Phila., PA. Some/all of the transactions comprising the alleged debt occurred in Chester County.

11.   Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). The transactions comprising the alleged debt were for consumer related purchases, such as household hoods, food, clothing, etc.

12.   Defendant Unifund CCR, LLC is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), as its principal business is the collection of consumer related debts, and the alleged debt in questions stems from the acquisition of personal goods and services, such as household items, clothing, groceries, etc.

13.   Defendant Distressed Asset Portfolio III, LLC is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), as its principal business is the acquisition and collection of consumer related debts.

14.   Defendant Distressed Asset Portfolio III, LLC LLC is a "creditor" as that term is defined by 73 Pa. § CS 2270.4(b), as it regularly acquires consumer related debts on its own account and subsequently attempts collection.

## FACTUAL ALLEGATIONS

15.   Throughout the past year, Defendants have attempted to collect an alleged debt of $811.71 which Defendant claimed it was collecting on behalf of co-Defendant "DISTRESSED ASSET PORTFOLIO III, LLC" . *See Exhibit "A".*

16.   Plaintiff alleges and avers that no debt is/was owed to Distressed Asset Portfolio III, LLC or "CITIBANK, N.A." (the alleged original creditor), and Defendant Unifund CCR, LLC' attempt to collect the alleged debt from Plaintiff, as well as Defendant Distressed Asset Portfolio III, LLC LLC's alleged right to succeed by assignment of the alleged account, were unauthorized by law and/or contract, and

Defendants' conduct is thereby in violation of 15 U.S.C. §1692f(2).

17.   Plaintiff alleges and avers that Defendants' repeatedly and continuously called Plaintiff telephonically, as well as unrelated third-parties, at irregular times and places, and often times failed to identify itself and inform Plaintiff of her rights, in violation of 15 U.S.C. §§ 1692c(a)(1) and d.

18.   Plaintiff alleges and avers that Defendants communicated false credit information by failing to notify the major credit bureaus of the actual status/amount of the alleged "debt", in violation of 15 U.S.C. §1692e.

19.   Plaintiff alleges and avers that Defendants' sought to collect amounts comprised largely of improper fees and/or interest, and Defendants' collection efforts were thus in violation of 15 U.S.C. §§1692e and f.

20.   Plaintiff the statement within Defendants' letter fails to notify Plaintiff that both Defendants are one in the same, as they each occupy the same address, and that the litigation remised on the alleged debt is barred by the statute of limitations, and Defendants' letter thereby misrepresents the status and legal nature of the alleged debt, in violation of 15 U.S.C. 1692e(2) and f(1).

21.   Plaintiff alleges and avers that there is no written agreement between Plaintiff and CITIBANK, N.A. permitting assignment of any debt to Distressed Asset Portfolio III, LLC, and Defendants' collection efforts are thus in violation of 15 U.S.C. §1692f(1).

22.   Plaintiff alleges and avers that both Defendant's collection efforts surrounding this bogus debt caused Plaintiff to suffer material and ascertainable losses including, but it limited to: loss of time from work investigating the matter, time wasted attending to incessant communications, and all fees and costs associated with a legal investigation and prosecution of this matter.

## COUNT I-AS TO BOTH DEFENDANTS
## THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")

23.     In its actions to collect a disputed debt, Defendants violated the FDCPA in one or more of the following ways:

a.  Harassing, oppressing or abusing Plaintiff in connection with the collection of a debt in violation of 15 U.S.C. § 1692d.

b.  Using misrepresentations or deceptive means to collect a debt in violation of 15 U.S.C. § 1692e(10).

c.  Using unfair or unconscionable means to collect a debt in violation of 15 U.S.C. §1692f.

d.  By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

WHEREFORE, Plaintiff, TRICIA MAUGE, respectfully prays for a judgment as follows:

a.     All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b.     Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.     All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d.     Any other relief deemed appropriate by this Honorable Court.

*2017-08592-MJ*

## COUNT TWO-AS TO BOTH DEFENDANTS
## THE PENNSYLVANIA UNFAIR TRADE PRACTICES ACT AND CONSUMER PROTECTION LAW ("UFTPL")

24.     Plaintiff hereby incorporates all facts and allegations specified in paragraphs above, by reference as if fully set forth at length.

25.     Plaintiff is a "Person" as defined by 73 P.S. § 201-2(2).

26.     Defendants are "Person(s)" as defined by 73 P.S. § 201-2(2).

27.     The Pennsylvania Unfair Trade Practices and Consumer Protection Act, 73 P.S. § 201-2(4), defines "unfair or deceptive acts or practices" to include the following:

(a) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;

(b) Causing likelihood of confusion or of misunderstanding as to affiliation, connection or association with, or certification by, another;

(c) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding;

(d) Any violation of 73 Pa. Cons. Stat. Ann. § 2270.4, *et seq.*

28.     Plaintiff alleges and avers that Defendants violated the Act by misrepresenting that any debt was owed, and further by claiming that improper fees and exorbitant charges were part of the alleged debt, and that Defendant's conduct complained of herein amounts to violations of the Fair Credit Uniformity Extension Act, 73 Pa. C.S. § 2270.4, *et seq,* and is thus a concomitant violation of the Unfair Trade Practices Act.

29.     Plaintiff alleges and avers that Defendants violated the Act by misrepresenting that any debt was owed, and further by claiming that improper fees and exorbitant charges were part of the alleged debt.

30.     The UTPCPL authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations, and/or $100.00 for statutory damages. Plaintiff avers entitlement to all actual and statutory damages, as well as written acknowledgement that no debt is owed, plus treble that amount, and attorney fees and costs, for Defendant's per se and statutory violations of Pennsylvania Law.

DAVIS CONSUMER LAW FIRM

By:   /s/
        Fred Davis-PA ID# 93907
        Attorney for Plaintiff, TRICIA MAUGE
        500 Office Center Drive-Suite 400
        Ft. Washington, PA    19034
        Tel – 1-855-432-8475/Facsimile-1-855-435-9294
        Email: fdavis@usacreditlawyer.com

2017-08592-MJ

## V E R I F I C A T I O N

Fred Davis, states that he is the attorney for the Plaintiff herein; that he is

acquainted with the facts set forth in the foregoing Complaint; that same are true and

correct to the best of her knowledge, information and belief; and that this statement is

made subject to the Penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsifications to

authorities.

DAVIS CONSUMER LAW FIRM

By:   /s/

Fred Davis-PA ID# 93907
Attorney for Plaintiff, TRICIA MAUGE
500 Office Center Drive-Suite 400
Ft. Washington, PA   19034
Tel – 1-855-432-8475/Facsimile-1-855-435-9294
Email: fdavis@usacreditlawyer.com

*2017-08592-MJ*

# EXHIBIT

# "A"

2017-08592-MJ



PO Box 505
Linden MI 48451-0505
ADDRESS SERVICE REQUESTED

Y1E21355F3 2607



resolve.unifund.com

06/15/2017

#BWNKGZZ
#Y1E21355F3#
TRICHIA MAUGE
6111 Walton Ave
Philadelphia PA 19143-2213

Unifund CCR, LLC
10625 Techwoods Circle
Cincinnati, OH 45242

Original Creditor Account Number: 5424181085968084
Original Creditor: CITIBANK, NA
Original Creditor Address: CITIBANK CUSTOMER SERVICE PO BOX 6500, SIOUX FALLS, SD 57117
Current Creditor to Whom the Debt is Owed: DISTRESSED ASSET PORTFOLIO III, LLC

Dear TRICHIA MAUGE:

This letter is to inform you that Unifund CCR, LLC currently is servicing the above referenced account on
behalf of the current owner, DISTRESSED ASSET PORTFOLIO III, LLC, with a balance of $811.71. You may
contact this office to address this matter by calling 888-384-8171.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt
or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30
days after receiving this notice that you dispute the debt, or any portion thereof, this office will obtain
verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If
you request this office in writing within 30 days after receiving this notice, this office will provide you with the
name and address of the original creditor, if different from the current creditor.

Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit
reporting agency if you fail to fulfill the terms of your credit obligations. This does not affect any other legal
rights you might have. We will not report this debt to the credit reporting agencies until the expiration of the
time period set forth above.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained
will be used for that purpose.

Sincerely,
Account Resolutions
Unifund CCR, LLC
* See reverse side for important information regarding your rights.

*2017-08592-MJ*





U.S. POSTAGE PAID
$7.7

7017 0530 0000 8026 9491

Davis Consumer Law Firm
500 Office Center Drive, Suite 400
Fort Washington, PA 19034
P: (855) 432-8475
F: (855) 435-9204

Management Asset Portfolio III LLC
11425 Tanbark Creek
CIN, OH
45251